IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTIAGA LEAL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-15-CV-639-XR |
| | § | |
| SELENE FINANCE, LP | § | |
| | § | |
| *Defendant*s | § | |

**ORDER**

On this day, the Court considered its jurisdiction over this case. On July 3, 2015, Plaintiff Santiaga Leal filed an Original Petition in the 81st Judicial District Court in Bexar County, Texas. Docket no. 1-1. Defendant Selene Finance, LP ("Selene") removed the case to this Court on August 3, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. It is settled that § 1332 requires complete diversity of the parties. *Stiftung v. Plains Mktg.*, L.P., 603 F. 3d 295, 297 (5th Cir. 2010). Leal is a citizen of Texas. Docket no. 1. Selene's Notice of Removal alleges that Selene "is a Delaware limited liability company," and thus "there is complete diversity of the parties." *Id.* at ¶ 12 (citing docket no. 1 ex. C).

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397

(5th Cir. 2009). The party removing the case bears the heavy burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008

First, Selene's allegation in its notice of removal that is a Delaware limited liability company appears to be incorrect. The attached evidence indicates Selene is a Delaware limited partnership, not a limited liability company. Docket no. 1 ex. C. Selene's answer appears to confirm this, stating "Selene admits it is a Delaware limited partnership doing business in Texas." Docket no. 3 at ¶ 3. Second, regardless of whether it is a limited partnership or limited liability company, Selene has not "distinctly and affirmatively" alleged the citizenship of the parties because it has not alleged the citizenship of all its partners or members. To determine the citizenship of a partnership or LLC like Selene for diversity purposes, a court must account for all of the partners or members. *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994) (extending to removed cases); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). Selene has not alleged, or even named, the citizenship of its partners or members.

The Court therefore has insufficient information to determine whether it has subject matter jurisdiction over this case. Selene has not met its heavy burden of establishing jurisdiction.

**Selene is therefore ORDERED to file an Amended Notice of Removal that adequately pleads a basis for this Court's jurisdiction no later than August 16, 2015.** *See*

28 U.S.C. § 1653 ("[d]efective allegations of jurisdiction may be amended"); *Whitmire v. Victus Ltd.*, **212 F.3d 885, 887–88 (5th Cir. 2000). Failure to respond by that date will result in a remand to state court.** This Order addresses defects in subject-matter jurisdiction only, and it does not relieve Plaintiff of her obligation to raise any procedural defects in removal within the thirty-day timeline prescribed by § 1447(c), should she desire to seek remand on the basis of a procedural defect.

It is so ORDERED.

SIGNED this 7th day of August, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE