IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTIAGA LEAL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-639-XR |
| | § | |
| SELENE FINANCE, LP, | § | |
| | § | |
| *Defendant*s. | § | |

**ORDER**

On this day, the Court considered its jurisdiction over this case.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff Santiaga Leal filed an Original Petition in the 81st Judicial District Court in Bexar County, Texas.  Docket no. 1-1.  Defendant Selene Finance, LP ("Selene") removed the case to this Court on August 3, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  It is settled that § 1332 requires complete diversity of the parties.  *Stiftung v. Plains Mktg.*, *L.P.*, 603 F. 3d 295, 297 (5th Cir. 2010).  Leal is a citizen of Texas.  Docket no. 1.  Selene's Notice of Removal alleges that Selene "is a Delaware limited liability company,"[1] and thus "there is complete diversity of the parties."  *Id.* at ¶ 12 (citing docket no. 1 ex. C).  The Court issued an Order to Show Cause and amend the notice of removal because Selene failed to allege the citizenship of its partners.  Docket no. 4.  Selene responded with an amended notice of removal on August 13, 2015.  Docket no. 5.

---

[1] It has since been established that this was an error; Selene is a limited partnership not a limited liability company.

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988). The party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009). The party removing the case bears the heavy burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). To determine the citizenship of a partnership or LLC like Selene for diversity purposes, a court must be able to account for all of the partners or members. *Bankston v. Burch*, 27 F.3d 164, 168 (5th Cir. 1994) (extending to removed cases); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.").

In its Order to Show Cause, the Court laid out the law on removal and pleading diversity for limited partnerships and LLCs. Docket no. 4 at 2. The Court warned a failure to adequately plead the citizenship of all partners and members would result in remand. *Id*. at 3. Despite being told the law and given a warning, Selene has failed to sufficiently plead complete diversity.

Selene provided an affidavit that states, in relevant part:

> Selene is a Delaware Limited Partnership. The sole General Partner of Selene is Selene Ventures GP LLC, a Delaware limited liability company. None of the members of Selene Ventures GP LLC are citizens of Texas. The sole Limited Partner of Selene is Selene Ventures LLC, a Delaware limited liability company. None of the members of Selene Ventures LLC are citizens of Texas.

Docket no. 5 Ex. C. at 2–3.

If the partners of a partnership are themselves partnerships, LLCs, or corporations, their citizenship must be alleged in accordance with the rules of that entity, and the citizenship must be traced through however many layers of members or partners there may be. *Muslow Land & Timber, Inc v. Chesapeake Exploration Ltd. Partnership*, 2009 WL 367729 (W.D. La. Feb. 11, 2009). General allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. *Mullins v. Testamerica, Inc.*, 300 F. App'x 259 (5th Cir. 2008). Selene's allegations and evidence regarding the citizenship of the members of the LLCs that are its general and limited partners are insufficient for Selene to have met its heavy burden to demonstrate complete diversity and that removal was proper. Selene failed to properly comply with the Court's Order and properly plead complete diversity jurisdiction.

Selene has failed to affirmatively allege the citizenship of the parties and has therefore failed to establish that this Court has diversity jurisdiction. Because such jurisdiction cannot be presumed, the Court finds that it lacks subject matter jurisdiction over this removed case and remands it to state court. *See* 28 U.S.C. 1447(c) and (d). Accordingly, the Clerk is directed to REMAND this case to state court and close the case.

It is so ORDERED.

SIGNED this 17th day of August, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE